[LOCAL LAW.]

## PILES and Others, *Plaintiffs in Error,*
## against
## BOULDIN and Others, *Defendants in Error.*

nder the statute of limitations of Tennessee of 1797, c. 43. s. 4. peaceable and uninterrupted possession, claiming to hold the land adverse to the claims of all other persons, for seven years, under a grant, or deed of conveyance founded upon a grant, gives a complete title to the person who has the possession.

THIS cause was argued by Mr. *Isaacs,* for the *Feb. 15th.* plaintiffs in error, no counsel appearing for the defendants in error.

Mr. Justice DUVALL delivered the opinion of *March 10th.* the Court.

This cause is brought up by writ of error from the judgment of the Circuit Court for the District of West Tennessee.

The lessee of Bouldin and others, who were plaintiffs in the Court below, brought an ejectment against Conrad Piles and others, for a tract of land containing 2,500 acres, lying in Overton county, on Wolf river, granted by the State of North Carolina, by patent dated July 10, 1788, to Thomas and Robert King, who, by deed bearing date 25th of March, 1793, for a valuable consideration, conveyed the same to David Ross of Virginia. Ross, by his last will and testament,

duly proved and recorded, devised the same to his four children, namely, Eliza Myers, wife of Jacob Myers, Amanda A. Duffield wife of John Duffield, Frederick A. Ross, and David Ross, jun. the lessors of the plaintiff, as tenants in common in fee.

The defendant, Piles, rested his defence on the location of several grants which were offered in evidence on the trial: (1.) A grant dated 24th of December, 1798, founded on a warrant dated 10th of March, 1780, by the State of North Carolina, to Henry Rowan, for a tract containing 320 acres, called Walnut Grove, lying in Hawkins county, on Spring creek. (2.) A grant bearing the same date, and founded on the same warrant, by the State of North Carolina to Henry Rowan, for another tract containing 320 acres, adjoining Walnut Grove, and having the same beginning. This tract was conveyed by deed dated 22d of September, 1800, for a valuable consideration, to Conrad Piles, and is described to include a cabin known by the name of Livingston's cabin. (3.) A grant bearing date on the 15th of August, 1808, to Conrad Piles, by the State of Tennessee, for a tract lying in Overton county, on Rotton's fork of Wolf river, containing 200 acres; and, (4.) Another tract adjoining the former, containing the like quantity, granted by patent of the same date to Conrad Piles. Piles possessed both the tracts granted to Rowan; one by purchase, the other by a parol lease for years. All these tracts are located on the plat exhibited on the trial, and none of the locations were contested   The title

of the plaintiffs is admitted to be regularly deduced from the first patentee.

The defendants read in evidence the two grants before mentioned from the State of North Carolina to Henry Rowan, for 320 acres each; the first is described as lying in Hawkins county, "beginning on two hickories, an ash, and a Spanish oak, on the north side of Spring creek; running north 50 poles to a stake; west 335 poles to a stake; south 167 poles to a stake, crossing Spring creek; east 335 poles to a stake; and thence to the beginning." The second tract has the same beginning, calls "to adjoin the first, running east 335 poles to a stake, north 167 poles to a stake; west 335 poles to a stake; then to the beginning." Also, two grants from the State of Tennessee to himself for 200 acres each, dated 15th of August, 1808. These grants interfere with the plaintiff's grant of 2,500 acres, and cover all the land of which the defendant was in possession within the bounds of the plaintiff's grant at the commencement of the suit, viz. the 17th of October, 1817. Nearly one half of Rowan's tract, called Walnut Grove, is included within the tract for which the ejectment is brought; the settlement called Livingston's cabin lies principally in that part of Walnut Grove thus running foul of the tract owned by the lessors of the plaintiff. Helm's improvement is contained partly in Walnut Grove, and within one of the tracts of 200 acres granted to Piles, which is included almost wholly in the tract of the lessors of the plaintiff, and includes both Livingston's cabin and Helm's

settlement. Piles has made another settlement included in the tract called Walnut Grove, a part of which is contained within the lines of the tract for which the ejectment is brought.

The defendant, Piles, proved, that the grants before mentioned, to Rowan and to himself, covered all the lands of which he was possessed within the grant of the plaintiffs; he also proved, that the grant of Walnut Grove to Rowan included Livingston's cabin as represented on the plat, and that he had been in the peaceable possession thereof for more than eight years before the commencement of this suit; and that he had also been in possession of a piece of ground within one of the grants to himself, and which is also within the plaintiff's grant, and which he had held and cultivated more than eight years before the commencement of this suit; and relied on the statute of limitations. It was also proved, that Rowan, in 1806, had made a parol lease of the tract called Walnut Grove, to one Helm, for six years, in consideration of certain improvements; that Helm took possession, built a cabin, and cleared a few acres of land; that, in the fall of 1807, Piles bought his lease, and agreed to make the further improvements stipulated, and return the possession to Rowan; that he took possession immediately, and continued in possession, claiming for himself, and not as tenant for Rowan, though he did not mention his claim until after he had bought Helm's lease.

Under these circumstances, the defendant, Piles, by his counsel, moved the Court to instruct

the jury, that if the deed from Rowan to Piles contained, in its first part, a sufficiently certain description, according to the evidence, of the land included in Rowan's first grant, that then they should disregard any subsequent description therein which should be repugnant to said first description. And, also, to charge the jury, that if the deed from Rowan to the defendant did not cover said land, yet, that if they believed the defendant went into possession of the land contained in the said first grant to Rowan, under the lease from Rowan to Helm, as stated in the evidence, the defendant could defend himself in this action of ejectment, as tenant of Rowan, without making his landlord a defendant; that, as between Rowan and the defendant, he, the defendant, could not change the nature of his possession, but that the same would operate for Rowan's benefit to perfect his title under the statute of limitations as against the plaintiff and persons claiming under adversary grants; and that, if the defendant's possession had perfected Rowan's title, and made it a better title than the plaintiff's, then, the defendant having shown a better outstanding title, the plaintiff would not be entitled to recover. Which instructions the Court refused to give, but instructed the jury, that Piles could not avail himself of the statute, and that his deed from Rowan, by legal construction, did not cover the land included in Rowan's first grant. From this opinion of the Court an exception was taken, and the cause is now before this Court for revision.

1826.

Piles
v.
Bouldin.

It is the province of the Court to determine the force and legal effect of deeds given in evidence; and the construction given in this case was correct.

The counsel for the plaintiffs in error insists that the Circuit Court erred on both points.

The two grants to Rowan begin at the same place, have the same form and dimensions, and contain the same quantity of land. The deed from Rowan to Piles adopts the courses and distances of the second grant precisely, and proceeds to describe it as including the cabin commonly called *Livingston's cabin*; but Livingston's cabin is included in the first grant called *Walnut Grove*. The counsel for the plaintiffs in error contends, that if the first grant is not conveyed by the deed, it is, at least, doubtful which of the two tracts was intended to be conveyed; and that, therefore, it was a question of location to be settled by the jury, not a question of law to be decided by the Court. But this Court is of a different opinion. Admitting the universality of the maxim, *de jure respondent judices, de facto juratores*, it will not be denied, that it is the province of the Court to decide upon the force and legal effect of a sealed instrument. The deed conveys, by metes and bounds, the land contained in the second grant to Rowan, corresponding precisely, in courses and distances, from the beginning to the given line inclusive; and will not admit of the construction, that the first tract, called Walnut Grove, was conveyed, merely because it includes Livingston's cabin. The description in the deed was full and complete without reference to Livingston's cabin; the mention of which appears evidently to be a mistake from inattention in the writer of the deed, and

conveyed no right or interest whatever in the first grant.   And it is conclusive in the construction of this deed, that it could not have been the intention of either party, that the tract called Walnut Grove was intended to be conveyed, that it calls to begin " on the corner of the Walnut Grove tract."   There is no error in the judgment of the Circuit Court in refusing to instruct the jury according to the first prayer of the counsel for the defendant.

The second question arises upon the plea of the statute of limitations.

By the 4th section of the act of the State of Tennessee, passed in the year 1797, ch. 43. peaceable possession, for seven years, by any person, under a grant, or deed of conveyance founded upon a grant, gives a complete title to the person who has the possession ; and all persons who neglect, for that period, to prosecute their claims, are declared to be for ever barred. There is the usual saving to infants, &c.   In this case, the record affords abundant proof, which is uncontradicted, that Piles had peaceable and uninterrupted possession of all the settlements made by him, comprehended within the lines of the plaintiff's grant, and claimed to hold the same as his own, adverse to the claims of all persons whatever.   The settlement called Livingston's cabin, and that made by Helm, and transferred by Helm to Piles, are included in his own grant for two hundred acres, dated Augus. 15, 1808, and also within the plaintiff's grant, and principally within that part of Rowan's first

Defendant's possession protected by the local statute of limitations.

grant, which interferes with that of the plain-
tiffs. His third possession is contained within
Rowan's first grant, which interferes with the
plaintiff's grant as has already been stated. All
these possessions, being founded on grants, are
protected by the act of limitations, the provisions
of which are too plain to be misunderstood.

On this point, the opinion of the Circuit Court
is reversed, and a *venire facias de novo* awarded.[a]

*a Vide ante,* Somerville v. Hamilton, Vol. IV. p. 230. Patton
v. Eaton, Vol. I. p. 476. M'Iver v. Ragan, Vol. II. p. 25.
M'Clung v. Ross, Vol. V. p. 116. Walker v. Turner, Vol. IX.
p. 541.